1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES B. EDWARDSON,

                Plaintiff,

     v.

CALIBER HOME LOANS, NATHAN F. SMITH, MITZI JOHANKNECKT, HUGO ESPORZA,

                Defendants.

No. 2:19-cv-00888-JCC

DEFENDANT CALIBER HOME LOANS, INC.'S MOTION TO DISMISS

NOTE ON MOTION CALENDAR:

Friday, July 12, 2019

[ORAL ARGUMENT REQUESTED]

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Caliber Home Loans, Inc. ("Caliber") moves the Court for an order dismissing with prejudice plaintiff James B. Edwardson's ("Edwardson") Complaint for failure to state a claim upon which relief can be granted. This motion is based upon the authorities set forth below and the records and files herein. A proposed form of order accompanies this motion.

## II.    STATEMENT OF FACTS

### A.    Plaintiff's Allegations

Edwardson alleges that he owns property located at 43025 126th Avenue SE, Enumclaw, WA 98002 (the "Property"). Complaint ¶ 3.2. He further alleges that at no time did he sign a contract or mortgage agreement with Caliber. *Id.* ¶ 3.3. He asserts that Caliber "buys and sells

**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Phone: 415.344.7000
Fax: 415.344.7050

1    mortgages and home loans from other Loan Companies and then Forecloses upon those Loans"

2    without notice. *Id.* ¶ 3.11.

3         According to the complaint, Caliber "conspired with Wells Fargo Bank to defraud Plaintiff

4    out of his Property through fraudulent services [sic] of Process [sic]." Complaint ¶ 3.7. Edwardson

5    contends that Caliber and defendant Nathan F. Smith (asserted as an agent or representative of

6    Caliber) were "in complete knowledge that the Plaintiff is incarcerated in the Washington State

7    Department of Corrections…" *Id.* ¶ 3.5.

8         More specifically, Edwardson alleges that Caliber "did not properly give the Plaintiff"

9    notice while he was incarcerated at Airway Heights Corrections Centers since August 10, 2016.

10   Complaint ¶ 3.13.

11   **B.    Facts Subject to Judicial Notice**

12        In June 2007, Edwardson and Kimberly C. Edwardson executed and delivered a Deed of

13   Trust securing a $656,000 mortgage loan (the "Loan"). RJN, Ex. A. The Deed of Trust is recorded

14   against the Property as Instrument # 20070625001899 as of June 25, 2007. *Ibid.* Pursuant to the

15   Deed of Trust Edwardson and his wife were the borrowers and Mortgage Electronic Registration

16   Systems, Inc. ("MERS") was the beneficiary solely as nominee for the lender First Franklin

17   Financial Corp. *Id.* at pp. 1-2. Wells Fargo Bank, N.A. ("Wells Fargo") received assignment of the

18   Deed of Trust on March 25, 2010, by an assignment executed by MERS and recorded as Instrument

19   # 20100402000956 on April 2, 2010. RJN, Ex. B.

20        In October 2014, Wells Fargo filed a civil action for judicial foreclosure against

21   Edwardson, his wife, and the occupants of the Property in the Superior Court of Washington in

22   and for the County of King in Case No. 14-2-28046-7 KNT (the "JFA"). *See* RJN, Ex. C. The JFA

23   was filed to enforce the Loan and the Deed of Trust. *See id.* at p. 5 ¶¶ 3, 5. During the pendency

24   of the JFA, Wells Fargo assigned the Deed of Trust to U.S. Bank Trust, N.A. as Trustee for LSF9

25   Master Participation Trust ("U.S. Bank Trust") by assignment recorded as Instrument #

26   20160616001035 on June 16, 2016. RJN, Ex. D. On April 25, 2017, Judge Beth Andrus of the

**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Phone: 415.344.7000
Fax: 415.344.7050

1  Superior Court signed a Judgment and Decree of Foreclosure in favor of Wells Fargo, its

2  successors and assigns. RJN, Ex. E.

3  ### III.   LEGAL STANDARDS

4  **A.   Lack of Jurisdiction Under Rule 12(b)(1)**

5  "The party asserting jurisdiction has the burden of proving all jurisdictional facts."

6  *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Federal courts

7  are courts of limited subject matter jurisdiction; thus, the Court presumes lack of jurisdiction

8  until the plaintiff proves otherwise. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221,

9  1225 (9th Cir. 1989). When dismissal is sought for multiple reasons, the Court must address

10  the 12(b)(1) grounds before the other reasons. *Bell v. Hood*, 327 U.S. 678, 682 (1946).

11  The Court is not limited to the allegations in the pleadings in determining lack of

12  jurisdiction under Rule 12(b)(1). *Trentacosta v. Frontier Pacific Aircraft Industries*, 813 F.2d

13  1553, 1558 (9th Cir. 1987). The Court may consider evidence outside the record, and the

14  complaint's allegations bearing on subject matter jurisdiction are not entitled to the presumption

15  of truth. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

16  **B.   Failure to State a Claim Under Rule 12(b)(6)**

17  Dismissal under Rule 12(b)(6) is required when the plaintiff either lacks a "cognizable legal

18  theory" or fails to present sufficient facts to support a cognizable legal theory. *Kwan v. SanMedica*

19  *Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). In assessing whether the complaint "present[s] sufficient

20  facts to support a cognizable legal theory," the Court uses the pleading standards established in

21  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

22  Although factual allegations in a complaint are assumed to be true, "a complaint must

23  contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its

24  face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face

25  when "the plaintiff pleads factual content that allows the court to draw the reasonable inference

26  that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

MOTION TO DISMISS
(No. 2:19-cv-00888-JCC) – 3

Therefore, to defeat a motion to dismiss, the complaint's factual allegations must plausibly suggest, and not merely be consistent with, the claimed wrongful conduct. *Twombly*, 550 U.S. at 557. The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and the factual allegations "must be enough to raise a right to relief above the speculative level[.]" *Id*. at 555. Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," or where the complaint's factual allegations support an "obvious alternative explanation" for why the plaintiff was harmed, the plaintiff fails to show an entitlement to relief and his claim should be dismissed. *See id.* at 557; *Iqbal*, 556 U.S. at 679; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[T]he factual allegations [of the complaint] that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.").

## IV.    ARGUMENT

### A.    The Court Lacks Jurisdiction Under the *Rooker-Feldman* Doctrine

Edwardson challenges Caliber's standing regarding the Loan. *See*, *e.g.*, Complaint ¶ 3.3 He also challenges the service of process in another action—presumably, the JFA. *See id.* ¶¶ 3.5, 3.7, 3.11, 3.13, 3.16. Edwardson's purpose for this lawsuit is, inter alia, to obtain "an Order to Cease and Desist all Sales Activities of the the [sic] Plaintiff's Property" and for Caliber to "appear and show cause why it failed to properly serve Plaintiff…" *Id.* ¶¶ 4.4-4.5.

"The Rooker–Feldman doctrine is a well-established jurisdictional rule prohibiting federal courts, from exercising appellate review over final state court judgments." *Reusser v. Wachovia Bank, N.A.,* 525 F.3d 855, 858–59 (9th Cir. 2008). The doctrine prevents federal courts "from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Id.* (internal quotation omitted). An action brought in federal district court is an appeal of a state court judgment if "claims raised in the federal court action are inextricably intertwined with a state court's decision such that adjudication of the federal

MOTION TO DISMISS
(No. 2:19-cv-00888-JCC) – 4

**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Phone: 415.344.7000
Fax: 415.344.7050

claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Id.* (internal quotation omitted).

Here, the state court in the JFA entered a judgment in favor of Wells Fargo, its successors and assigns, authorizing foreclosure of the Property. By seeking an order preventing defendants from taking action against the Property, Edwardson is asking this Court to render "a de facto appeal from a state court decision." Edwardson's calculated omission of U.S. Bank Trust—the successor in interest to Wells Fargo and the beneficiary of the Judgment in the JFA—does not restore jurisdiction either. Edwardson's object for this lawsuit is to obtain a declaratory judgment preventing all sales activities for the Property. Whether he names U.S. Bank Trust, its foreclosure counsel Nathan Smith, or its agent Caliber, Edwardson is essentially asking this court to render a de facto appeal of Judge Andrus's Judgment and Decree of Foreclosure on the basis that service of process in the JFA was insufficient. This Court lacks jurisdiction under *Rooker-Feldman* to do so. Therefore, the complaint should be dismissed under Rule 12(b)(1) without leave to amend.

**B.      The Claims Are Barred by Collateral Estoppel**

The complaint should also be dismissed because it is barred by collateral estoppel. As the Washington Supreme Court has explained, "[w]hen a subsequent action is on a different claim, yet depends on issues which were determined in a prior action, the relitigation of those issues is barred by collateral estoppel." *City of Arlington v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 164 Wash. 2d 768, 792 (2008).

Collateral estoppel requires "(1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied." *City of Arlington*, 164 Wash. 2d at 792.

Here, Edwardson alleges that service of process was improper because no one accounted for his imprisonment. However, the issue of service of process was necessary

**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Phone: 415.344.7000
Fax: 415.344.7050

litigated in the JFA because entry of judgment requires proof of service. As a result, Edwardson is using this proceeding to litigate an issue that was a condition precedent to Judge Andrus's issuance of the Judgment and Decree of Foreclosure in the JFA.

In addition, the JFA concerned the rights of all parties to the Property and resulted in a final judgment. While Edwardson does not name U.S. Bank Trust he names the loan servicer and the attorney who prosecuted the JFA on behalf of U.S. Bank Trust. As such, the defendants here are in privity with U.S. Bank Trust. Finally, application of the doctrine will not work an injustice.

Accordingly, the Court should dismiss this action pursuant to collateral estoppel.

**C.    The Complaint Should be Dismissed Under Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Rule 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997); *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Thus, "[t]he plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones*, 733 F.2d at 649 (quotations and citations omitted). A complaint does not suffice "if it tenders 'naked assertion [s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678. The U.S. Supreme Court has explained:

**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Phone: 415.344.7000
Fax: 415.344.7050

1

2

3

> Rule 8(a)(2) still requires a "showing," rather than a blanket
> assertion, of entitlement to relief. Without some factual allegation
> in the complaint, it is hard to see how a claimant could satisfy the
> requirement of providing not only "fair notice" of the nature of the
> claim, but also "grounds" on which the claim rests.

4   *Twombly*, 550 U.S. at 556 n.3.

5       The complaint offers no basis from which to ascertain the factual predicate of Edwardson's

6   claims here and the complaint does not give "fair notice." Indeed, the bulk of the complaint

7   discusses service (presumably, in the judicial foreclosure action) but fails to identify the

8   specific case in which that service occurred. In short, the complaint utterly fails to comply

9   with Rule 8 and should be dismissed on this ground as well.

10  **D.      The Complaint Fails to Satisfy Rule 9(b)**

11      Edwardson's complaint is inflammatory and casts aspersions against Caliber sounding in

12  fraud. *See*, *e.g.*, Complaint ¶¶ 3.4, 3.7, 3.14, 3.18. When a complaint sounds in fraud, it is subject

13  to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Rubke v. Capitol*

14  *Bancorp Ltd*, 551 F.3d 1156, 1161 (9th Cir. 2009); *Rieckborn v. Jefferies LLC*, 81 F. Supp. 3d 902,

15  917 (N.D. Cal. 2015). Rule 9(b) requires a party alleging fraud to "state with particularity the

16  circumstances constituting fraud. Fed. R. Civ. P. 9(b). The Ninth Circuit has held that Rule 9(b)

17  requires a plaintiff to plead the "who, what, when, where, and how of the misconduct charged."

18  *Ebid v. Lungwitz*, 616 F.3d 993, 1000 (9th Cir. 2010).

19      The Ninth Circuit has repeatedly held that this requirement means that the allegations of

20  fraud must "be specific enough to give defendants notice of the particular misconduct . . . so they

21  can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-*

22  *Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Thus, "[a]verments of fraud must be

23  accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Ibid.*

24      Here, Edwardson asserts fraud in numerous allegations against Caliber but fails to plead

25  facts to show why he thinks Caliber has acted fraudulently. On this basis as well, the complaint

26  should be dismissed.

MOTION TO DISMISS
(No. 2:19-cv-00888-JCC) – 7

**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Phone: 415.344.7000
Fax: 415.344.7050

**E.      Edwardson's Claims Also Lack Merit Individually**

In paragraph 3.15 of the complaint Edwardson cites to four federal statutes although he alleges no facts to explain the basis of his citation to these statutes. As explained below, Edwardson fails to establish a basis for relief under any of the statutes cited in paragraph 3.15.

**1.      12 U.S.C. § 1454**

Section 1454 governs the Federal Home Loan Mortgage Corporation's ("Freddie Mac") purchase and sale of mortgage loans. 12 U.S.C. § 1454(a). Here, Edwardson alleges no facts on which to state a claim against Caliber under Section 1454. *See* Complaint. Indeed, there is nothing in the statute that would support a private right of action against Caliber.

**2.      12 U.S.C. § 1715z-23**

Edwardson refers to "§17152-23" as one of the statutes purported violated by Caliber. Complaint § 3.15. This appears to be a reference to the HAMP statute under 12 U.S.C. § 1715z-23 known as HOPE for Homeowners Act. *See Curry v. Ocwen Loan Servicing, LLC*, 2018 WL 7575541, at *4 (N.D. Ga. 2018), report and recommendation adopted, 2019 WL 1178426 (N.D. Ga. 2019). If so, this claim fails because there is no private right of action under the statute. *McAfee v. Select Portfolio Servicing, Inc*., 193 Wash. App. 220, 231 (2016).

**3.      12 U.S.C. § 1709(b)**

Edwardson also cites to 12 U.S.C. § 1709(b) and the insurance of mortgages as a claim. In addition to the lack of any factual allegations to support a claim under section 1709, this claim fails because Edwardson has no private right of action. Section 1709 is enforced by the Secretary; not private individuals. 12 U.S.C. § 1709(r). The Supreme Court has explained:

> [P]rivate rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute. Raising up causes of action where a statute has not created them

**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Phone: 415.344.7000
Fax: 415.344.7050

may be a proper function for common-law courts, but not for federal tribunals.

*Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001) (internal quotation marks and citations omitted). "For a statute to create such private rights, its text must be 'phrased in terms of the persons benefited.'" *Day v. Apolona*, 496 F.3d 1027, 1036 (9th Cir. 2007) (quoting *Cannon v. University of Chicago*, 441 U.S. 677, 692, n. 13 (1979)). Here, section 1709 contains no such text in favor of individuals such as Edwardson.

### 4.    Real Estate Settlement Procedures Act ("RESPA")

Edwardson also refers to RESPA. However, he does not specify which provision he relying on for a claim. Caliber is unable to ascertain under which provision of RESPA this claim purports to arise.

### V.    CONCLUSION

For the reasons set forth above, the Court should dismiss this action without leave to amend.

DATED: June 17, 2019

By: s/ Thomas N. Abbott, WSBA # 53024
Attorneys for Defendant
CALIBER HOME LOANS, INC.

**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050
Email:  TAbbott@perkinscoie.com

MOTION TO DISMISS
(No. 2:19-cv-00888-JCC) – 9

1

2

<u>**CERTIFICATE OF SERVICE**</u>

3

        I hereby certify that on June 17, 2019, I electronically filed the foregoing DEFENDANT
4   CALIBER HOME LOANS, INC.'S MOTION TO DISMISS with the Clerk of the Court using
    the CM/ECF system which sent notification of such filing to the following:

5

        Amy E. Montgomery
6       Senior Deputy Prosecuting Attorney
        500 Fourth Avenue, 9th Floor
7       Seattle, WA  98104
        Tel:     (206) 296-8820
        Fax:     (206) 296-8819
8       Email: Amy.montgomery@ingcounty.gov

9   And I hereby do certify that I have mailed by United States Postal Service the document to the
    following non CM/ECF participants:

10

11      Non ECF Service List

12      James B. Edwardson, DOC #753363
        Pro Se Plaintiff
        Airway Height Correction Center
13      P.O. Box 2049
        Airway Heights, WA  99001

14

15

16                                  */s/ Matthew Walkup*
                                    Matthew Walkup
17

18

19

20

21

22

23

24

25

26

MOTION TO DISMISS
(No. 2:19-cv-00888-JCC) – 10

**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Phone: 415.344.7000
Fax: 415.344.7050