UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JAMES B. EDWARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:19-cv-00888-JCC |
| | ) | |
| vs. | ) | |
| | ) | DEFENDANTS JOHANKNECHT'S |
| CALIBER HOME LOANS, NATHAN F. SMITH, | ) | AND ESPARZA'S MOTION TO |
| MITZI JOHANKNECHT, HUGO ESPORZA, | ) | DISMISS |
| | ) | |
| Defendants. | ) | *Noted for: July 12, 2019* |
| | ) | |

## I.     INTRODUCTION AND RELIEF REQUESTED

This is a pro-se-inmate U.S.C §1983 case, involving an allegation that King County

Sheriff and Detective Hugo Esparza posted a notice at plaintiff's residence and proceeded with a

sale after foreclosure.   In accordance with Civil Rule 12(b)(6), Defendants Mitzi Johanknecht

and Hugo Esparza  respectfully request that this Court dismiss this case because the Plaintiff fails

to State a Claim under which relief can be granted.  This motion is based upon the authorities set

forth below and the records and files herein.  A proposed form of order accompanies this motion.

//

///

DEFENDANTS JOHANKNECHT'S AND
ESPARZA'S MOTION TO DISMISS (2:19-cv-00888-
JCC) - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

## II.     FACTS

Because Defendants Johanknecht and Esparza bring this pre-answer motion under Rule 12(b)(6), they rely only on matters that are stated in the pleadings or are otherwise in the public record.   In addition to the pleadings, Defendants Johanknecht and Esparza rely on King County Superior Court Cause number 14-2-28046-7 KNT, and respectfully requests that the Court take judicial notice of the same.

### A.     Plaintiff's Allegations

Plaintiff alleges that Defendants Johanknecht and Esparza conspired with Caliber Home Loans to sell his house without notice. Complaint ¶ 3.16.  There are no facts supporting this conclusory allegation.  Plaintiff alleges that Defendant Johanknecht and Esparza posted notice of the sale on Plaintiff's door.  Complaint ¶ 3.18.  This is confirmed by Plaintiff's brother, who provided notice to the plaintiff.  14-2-28046-7, Dkt 122 (Ex.A).  The defendants proceeded with the sale. Complaint ¶ 3.20.

### B.     Facts Subject to Judicial Notice

Defendants Johanknecht and Esparza adopt the facts set out in Defendant Caliber Home Loans Motion to Dismiss (Dkt 6).

Plaintiff moved to set aside the default proceeding in King County Superior Court.  14-2-28046-7, Dkt 92 (Ex. B) and Dkt 109 (Ex. C).  That motion was first denied on March 21, 2019, 14-2-28046-7, Dkt 113 (Ex. D), and then on May 30, 2019. 14-2-28046-7, Dkt 124 (Ex. E).

## III. ARGUMENT

### A.     Rule 12(b)(6) Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim. *Navarro v. Block,* 250 F.3d 720, 732 (9th Cir. 2001).  Because the focus of a Rule

DEFENDANTS JOHANKNECHT'S AND
ESPARZA'S MOTION TO DISMISS (2:19-cv-00888-
JCC) - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the court

2 ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News*

3 *Network, Inc.,* 284 F.3d 977, 980 (9th Cir.2002). Although generally the Court may not

4 consider materials beyond the pleadings without converting a 12(b)(6) motion into a motion for

5 summary judgment, there are two exceptions to this rule. *See* Fed.R.Civ.P. 12(b)(6); *Lee v. City*

6 *of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). First, the Court can consider "material

7 which is properly submitted as part of the complaint". *Lee v. City of Los Angeles*, 250 F.3d 668,

8 688–89 (9th Cir. 2001). Second, the Court can "take judicial notice of court filings and other

9 matters of public record, especially when the court pleadings reflect prior litigation involving the

10 same party." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

11 On a Rule 12(b)(6) motion, all allegations of material fact in the complaint are taken as

12 true and are construed in the light most favorable to the nonmoving party. *See Jenkins v.*

13 *McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Love v. United States,* 915

14 F.2d 1242, 1245 (9th Cir.1989). A complaint should be allowed to proceed "unless it appears

15 beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

16 entitle him to relief." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990)

17 (quoting *Conley v. Gibson,* 255 U.S. 41, 45-46 (1957)). Dismissal may be based on the lack of a

18 cognizable legal theory or the absence of sufficient facts supporting a cognizable legal theory.

19 *Balistreri,* 901 F.2d at 699. "To survive a motion to dismiss, a complaint must contain sufficient

20 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft*

21 *v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570

22 (2007)); *see Telesaurus VPC, LLC v. Power,* 623 F.3d 998, 1003 (9th Cir.2010).

23 **B.     Injunctive Relief is Inappropriate.**

DEFENDANTS JOHANKNECHT'S AND
ESPARZA'S MOTION TO DISMISS (2:19-cv-00888-
JCC) - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1     Edwardson has properly moved in King County Superior Court to set aside the judgment.

2  14-2-28046-7, Dkt 122 (Ex.A).   Edwardson's purpose for this lawsuit is, inter alia, to obtain "an

3  Order to Cease and Desist all Sales Activities of the the [sic] Plaintiff's Property" and for

4  Defendants to "appear and show cause why it failed to properly serve Plaintiff…" Complaint ¶¶

5  4.4-4.5.   "The Rooker–Feldman doctrine is a well-established jurisdictional rule prohibiting

6  federal courts, from exercising appellate review over final state court judgments." *Reusser v.*

7  *Wachovia Bank, N.A.,* 525 F.3d 855, 858–59 (9th Cir. 2008). The doctrine prevents federal

8  courts "from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a

9  state court judgment." *Id.* (internal quotation omitted). An action brought in federal district court

10  is an appeal of a state court judgment if "claims raised in the federal court action are inextricably

11  intertwined with a state court's decision such that adjudication of the federal claims would

12  undercut the state ruling or require the district court to interpret the application of state laws or

13  procedural rules." *Id.* (internal quotation omitted).

14     Here, the state court authorized foreclosure of the Plaintiff's property. By seeking an

15  order preventing defendants from taking action against the property, Edwardson is asking this

16  Court to render "a de facto appeal from a state court decision."  This Court lacks the subject

17  matter jurisdiction to proceed, and an order to dismiss should be granted.

18     **C.     Because Injunctive Relief is Inappropriate, and Defendants Johanknecht and
         Esparza Are Acting As An Arm Of The Court, Plaintiffs' Lawsuit Is Barred**
19     **By Quasi-Judicial Immunity**

20     It is well-established that officers executing a facially valid court orders are entitled to

21  absolute immunity for their actions.   "When 42 U.S.C. §1983 was enacted in 1871, the common

22  law provided absolute immunity to government officials in their execution of facially valid

23

DEFENDANTS JOHANKNECHT'S AND
ESPARZA'S MOTION TO DISMISS (2:19-cv-00888-
JCC) - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  judicial orders entered by a court of competent jurisdiction." *Mays v. Sudderth*, 97 F.3d 107, 112

2  (5th Cir. 1996).

3      The Ninth Circuit recognizes absolute immunity for such officials. In *Coverdell v. Dep't*

4  *of Soc. & Health Servs., State of Wash.*, 834 F.2d 758, 765 (9th Cir. 1987), the Ninth Circuit

5  determined that persons who faithfully execute valid court orders enjoy "absolute quasi-judicial

6  immunity for executing that order." *See also Engebretson v. Mahoney*, 724 F.3d 1034, 1039 (9th

7  Cir. 2013)(holding that "prison officials charged with executing facially valid court orders enjoy

8  absolute immunity from §1983 liability for conduct prescribed by those orders.").

9      Officers that "execute court orders . . . are themselves integral parts of the judicial

10  process." *Coverdell*, 834 F.2d at 765. Quasi-judicial immunity for such officials is necessary "if

11  the court's authority and ability to function are to remain uncompromised." *Id.*

12      Judicial immunity extends to a Sheriff's actions in enforcing the judgments of the

13  Superior Court through Writs of Restitution and other similar orders. In *Henry v. Farmer City*

14  *State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) – which was cited by the Ninth Circuit with

15  approval in *Coverdell*, 834 F.2d at 764 – the Seventh Circuit Court explained that

16  Non-judicial officials whose official duties have an integral relationship with the judicial process

17  are entitled to absolute immunity for their quasi-judicial conduct. *Ashbrook v. Hoffman,* 617 F.2d

18  474, 476 (7th Cir.1980). Although immunity is normally extended to those performing

19  discretionary and not ministerial acts, "those performing ministerial acts under a judge's

20  supervision and intimately related to judicial proceedings have quasi-judicial immunity." *Id.* at

21  477 n. 4; see *Waits v. McGowan,* 516 F.2d 203, 206 (3d Cir.1975) (official entitled to absolute

22  immunity afforded judge if "he is performing a ministerial function at the direction of the

23  judge"); *Duba v. McIntyre,* 501 F.2d 590, 592 (8th Cir.1974) (quasi-judicial absolute immunity

DEFENDANTS JOHANKNECHT'S AND
ESPARZA'S MOTION TO DISMISS (2:19-cv-00888-
JCC) - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

1    extended to police and other court officers "for purely ministerial acts where they do nothing

2    other than perform orders issuing from a court").

3         A similar fact pattern led to the same conclusion in *Hirsch v. Copenhaver*, 839 F. Supp.

4    1524, 1531 (D. Wyo. 1993), *aff'd,* 46 F.3d 1151 (10th Cir. 1995).  There, the sheriff was sued in

5    his individual and official capacity for executing an order for a tax sale of plaintiff's property.  In

6    granting defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6), the District Court held

7    that:

8           It is also this Court's opinion that the allegations against defendants [Sheriff] Brewer,
            [Undersheriff] Coorough and [Court Clerk] Cheney are not sufficient and must be
9           dismissed. *Actions taken under the direction of a state court judge as officials responsible
            for enforcing their orders entitle them to the protective cloak of immunity as well. This is
10          based upon a recognition that the power to execute judicial decrees is "no less an
            important and integral part of the judicial process than the roles of those officials
11          previously afforded absolute immunity." Valdez v. City and County of Denver,* 878 F.2d
            1285, 1287–1288 (10th Cir.1989). This holding is consistent with cases . . . among the
12          circuits agreeing that "court officers sworn to execute court orders are shielded by
            absolute immunity in the performance of their duty." *Id.* at 1288.

13

14   839 F. Supp. at 1531 (emphasis added).

15        In short, consistent with *Coverdell,* 834 F.2d 758, and other cases, this Court should hold

16   that Sheriff Johanknecht and Detective Esparza's actions in executing a facially valid order are

17   immune from suit.  Accordingly, the case should be dismissed against these defendants.

18                               **IV.    CONCLUSION**

19        Defendants respectfully request that this Court dismiss Mr. Edwardson's lawsuit against

20   Defendants Johanknecht and Detective Esparza in its entirety, with prejudice, because he fails to

21   state a claim under which relief can be granted.

22   //

23   //

DEFENDANTS JOHANKNECHT'S AND
ESPARZA'S MOTION TO DISMISS (2:19-cv-00888-
JCC) - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    DATED this 18th day of June, 2019.

2

3                                                    DANIEL T. SATTERBERG
                                                     King County Prosecuting Attorney

4

5                                                    By: */s/ Amy E. Montgomery*
                                                     AMY E. MONTGOMERY, WSBA #32068
                                                     Senior Deputy Prosecuting Attorney
6                                                    500 Fourth Avenue, 9th Floor
                                                     Seattle, WA 98104
7                                                    Telephone: (206) 296-8820
                                                     E-Mail: Amy.montgomery@kingcounty.gov
8                                                    Attorneys for King County Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DEFENDANTS JOHANKNECHT'S AND
ESPARZA'S MOTION TO DISMISS (2:19-cv-00888-
JCC) - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on June 18, 2019, I electronically filed the foregoing document(s)

with the Clerk of the Court using the CM/ECF E-Filing system, which will send a copy of the

same to the following:

**Thomas N. Abbott, WSBA #53024**
**Attorney for Defendant Caliber Home Loans, Inc.**
**Perkins Coie**
**505 Howard Street, Suite 1000**
**San Francisco, CA 94105**
**(415) 344-7000**
**TAbbott@perkinscoie.com**

I also certify that I sent a copy of the same via USPS mail to the following non CM/ECF

E-filing participant:

**James Edwardson, DOC #753363**
**Pro Se Plaintiff**
**Airway Height Correction Center**
**P.O. Box 2049**
**Airway Heights, WA 99001**

I declare under penalty of perjury under the laws of the United States and the State of

Washington that the foregoing is true and correct.

DATED this 18th day of June, 2019.

*Lindsey Macalalad*
_____
LINDSEY MACALALAD
Civil Litigation - Legal Assistant
King County Prosecuting Attorney's Office

DEFENDANTS JOHANKNECHT'S AND
ESPARZA'S MOTION TO DISMISS (2:19-cv-00888-
JCC) - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819