THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES B. EDWARDSON, | CASE NO. C19-0888-JCC |
| Plaintiff, | ORDER |
| v. | |
| CALIBER HOME LOANS, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant Caliber Home Loans' ("Caliber") motion to dismiss (Dkt. No. 6), Defendants Hugo Esporza and Mitzi Johankneckt's ("the King County Defendants") motion to dismiss (Dkt. No. 8), and Defendant Nathan F. Smith's motion to dismiss (Dkt. No. 16). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motions to dismiss (Dkt. Nos. 6, 8, and 16) for the reasons explained herein.

**I.     BACKGROUND**

Plaintiff James Edwardson alleges that he is the owner of real property located at 43025 126th Ave. SE Enumclaw, Washington 98002 (the "Property"). (Dkt. No. 1-1 at 2.) In June 2007, Mr. Edwardson and Kimberly Edwardson executed a deed of trust against the Property to secure a $656,000 mortgage loan. (*See* Dkt. No. 6-1 at 4–19.) Under the terms of the deed of trust, Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary solely as a

nominee for the lender First Franklin Financial Corp. (*Id*. at 4–5.) On March 25, 2010, MERS assigned the deed of trust to Wells Fargo, N.A. (*Id*. at 25.)

In October 2014, Wells Fargo filed a judicial foreclosure action (the "Foreclosure Action") in King County Superior Court against Mr. Edwardson, Ms. Edwardson, the occupants of the Property, and all other parties holding an interest in the Property. (*See id.* at 31–39.) The Foreclosure Action was filed to enforce the mortgage loan and deed of trust on the Property. (*Id*. at 32–35.) Wells Fargo was represented in the Foreclosure Action by Defendant Mr. Smith. (*Id*. at 77.) It appears that Defendant Caliber was the mortgage servicer. (*See* Dkt. Nos. 1-1, 6 at 5.) While the Foreclosure Action was pending, Wells Fargo assigned the deed of trust to U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust. (Dkt. No. 6-1 at 72.) On April 25, 2017, the King County Superior Court issued a default judgment and decree of foreclosure against Mr. Edwardson and Ms. Edwardson. (*Id*. at 74–78.)

Mr. Edwardson alleges that he was incarcerated at the Airway Heights Corrections Center in Spokane County beginning in August 2016.[1] (Dkt. No. 1-1 at 3.) On December 31, 2018, Mr. Edwardson filed a motion to dismiss the default judgment entered in the Foreclosure Action. (*See* Dkt. No. 9-3.) In his motion, Mr. Edwardson argued that he had not received proper notice of the Foreclosure Action. (*See id.*) The King County Superior Court denied the motion, finding that Mr. Edwardson had "no basis for relief." (*See* Dkt. No. 9-4.) On May 13, 2019, Mr. Edwardson filed a second motion to set aside the default judgment in the Foreclosure Action. (*See* Dkt. No. 9-1.) In that motion, Mr. Edwardson again argued that he had not received notice of the complaint or summons because he was incarcerated. (*Id.*) The King County Superior Court again denied Mr. Edwardson's motion, ruling that, under Washington law, he had "not proved a sufficient basis for setting aside the default judgment." (Dkt. No. 9-5 at 2.)

On May 6, 2019, Mr. Edwardson, proceeding *pro se*, filed this lawsuit in King County

---

[1] In June 2019, Mr. Edwardson was transferred to the Coffee Creek Correction Center in Oregon, where he states he will remain for at least the next year. (*See* Dkt. Nos. 14, 15.)

ORDER
C19-0888-JCC
PAGE - 2

Superior Court. (Dkt. No. 1-1.) On June 6, 2019, Defendants removed the case to this Court. (Dkt. No. 1.) Mr. Edwardson alleges that Defendants Caliber and Mr. Smith did not give him proper notice of the Foreclosure Action. (Dkt. No. 1-1 at 3.) Mr. Edwardson further asserts that Defendants Caliber and Mr. Smith conspired to get the King County Defendants "to serve papers at the incorrect address for the Plaintiff even though, Wells Fargo in King County Washington had 'written notice' of the Plaintiff's current address." (*Id.*) Mr. Edwardson alleges that Defendants "conducted an improper service of process knowing or having knowledge that the Plaintiff was incarcerated and serving summons by publication without giving the Plaintiff proper notice of the summons and complaint." (*Id.*) He seeks an award of statutory penalties, attorney fees and expenses, an "order to cease and desist all sales activities of [the Property]," and that "Defendants appear and show cause why [they] failed to properly serve the Plaintiff while he is in prison." (*Id*. at 4.)

The Defendants each moved to dismiss the complaint. (*See* Dkt. Nos. 6, 8, 16.) Mr. Edwardson responded to the motions to dismiss by asserting that "he will need to seek out further discovery." (Dkt. No. 14 at 1.) Mr. Edwardson asks the Court to invoke Federal Rule of Civil Procedure 56(d) to grant him a continuance in order to conduct discovery or to deny Defendants' motions as untimely. (*Id.*)

## II. DISCUSSION

### A. Legal Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

In addition, claims of fraud in a complaint must be supported with specific and detailed factual allegations. *See* Fed. R. Civ. P. 9(b). The Rule 9(b) pleading standard rule requires that a complaint allege the "who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation omitted).

### B.  Judicial Notice

The Court may consider information that is subject to judicial notice without converting a motion to dismiss into a motion for summary judgment. Fed. R. Evid. 201(b); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). For example, the Court may take judicial notice of public records because their contents are not subject to reasonable dispute. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004). Defendants have asked the Court to take judicial notice of the following documents: (1) the deed of trust for the Property; (2) an assignment of the deed of trust to Wells Fargo; (3) an assignment of the deed of trust to U.S. Bank; (4) the amended complaint filed in the Foreclosure Action in King County Superior Court; (5) the judgment and decree of foreclosure in the Foreclosure Action; (6) Mr. Edwardson's motion to set aside the default judgment in the Foreclosure Action; (7) Mr. Edwardson's motion to dismiss the default judgment in the Foreclosure Action; (8) the King County Superior Court's orders denying Mr. Edwardson's motions. (*See* Dkt. No. 6-1 at 4–79; Dkt. Nos. 9-1–9-5.)

The Court takes judicial notice of these documents because they are all public records containing facts that are not subject to reasonable dispute. *Las Vegas Events, Inc.*, 375 F.3d at 866 n.1. Mr. Edwardson does not object to the Court's consideration of these documents, nor has he questioned their authenticity. (*See* Dkt. No. 14.)

### C.  Plaintiffs' Claims

Defendants ask the Court to dismiss Mr. Edwardson's complaint on several grounds. Defendants first argue that this Court lacks subject matter jurisdiction to adjudicate Mr. Edwardson's claims under the *Rooker-Feldman* doctrine. (*See* Dkt. Nos. 6 at 4, 8 at 4, 16 at 4.) The *Rooker–Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments. *See Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). The Ninth Circuit has held that "[t]he clearest case for dismissal based on the *Rooker–Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Henrichs*, 474 F.3d at 613 (internal quotation marks omitted).

The *Rooker-Feldman* doctrine also "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). A federal action constitutes such a *de facto* appeal where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Bianchi*, 334 F.3d at 898.

In this case, Mr. Edwardson's claims represent a *de facto* appeal of the King County Superior Court's rulings in the Foreclosure Action. Although Mr. Edwardson's complaint alleges that Defendants conspired to "defraud Plaintiff of his property," the core of Mr. Edwardson's claim is that Defendants failed to provide him with notice of the Foreclosure Action. (*See* Dkt. No. 1-1 at 3.) Mr. Edwardson asserts that "Defendant Smith and Caliber Home Loan, conspired with Wells Fargo to defraud [him] out of his property through fraudulent services of process, failing to properly serve a civil complaint, summons, and foreclosure paperwork upon him." (*Id*.) Mr. Edwardson further asserts that the King County Defendants "were involved in the fraudulent

activities" by failing to "actually serve the Plaintiff with any paperwork or notices, as he was and has been in custody . . . ." (*Id.*)[2] Indeed, the only misconduct that Mr. Edwardson asserts Defendants committed was failing to provide him adequate notice of the Foreclosure Action. (*See id.*)

Mr. Edwardson's claims regarding lack of notice are inextricably intertwined with the King County Superior Court's rulings in the Foreclosure Action. Not only did the King County Superior Court enter a default judgment against Mr. Edwardson, it twice denied his motions to set aside the default judgment. (*See* Dkt. Nos. 9-4, 9-5.) In those motions, Mr. Edwardson specifically argued that he had failed to receive proper notice of the Foreclosure Action. (*See, e.g.*, Dkt. No. 9-3 at 7) (asserting that the default judgment should be set aside because of "improper service by the State of Washington and the Loaner Wells Fargo Banks Failure of Service."). The King County Superior Court rejected Mr. Edwardson's notice arguments by denying his motions to set aside the default judgment. (*See* Dkt. Nos. 9-4, 9-5.) The same notice issue is at the heart of this lawsuit, regardless of whether Mr. Edwardson wraps his claims in conclusory allegations of fraud.

For this Court to adjudicate Mr. Edwardson's present claims, it would necessarily have to revisit the King County Superior Court's rulings regarding the issue of notice. The Ninth Circuit has specifically held that federal review of a state court ruling is barred by the *Rooker-Feldman* doctrine where the issues underlying the federal claims have already been litigated in the state court action. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th Cir. 2008) (affirming

---

[2] The Court also notes that the claims of fraud in the complaint do not meet the pleading standard required by Rule 9(b) because they do not provide sufficient facts describing how Defendants' actions were fraudulent. *See Bly–Magee v. California*, 236 F.3d at 1019. Mr. Edwardson's fraud allegations are conclusory, include no relevant dates regarding Defendants' purported fraudulent conduct, and do not adequately describe how Defendants' individual actions related to the Foreclosure Action were fraudulent. (*See generally* Dkt. No. 1-1.) These pleading deficiencies would provide an independent basis for dismissal pursuant to Rule 12(b)(6).

dismissal under *Rooker-Feldman* where state court had adjudicated the issue being raised by plaintiff's federal claim). Moreover, Mr. Edwardson seeks relief in this action that would require the Court to not only review, but potentially vacate the King County Superior Court's final judgment and foreclosure decree. Mr. Edwardson asks the Court to issue an "order to cease and desist all sales activities" of the Property, and order Defendants to "appear and show cause why it failed to properly serve" him while he was in prison. (Dkt. No. 1-1 at 4.) In other words, Mr. Edwardson is seeking the relief that he was denied by the King County Superior Court in the Foreclosure Action. *See Bianchi*, 334 F.3d at 898 (applying *Rooker-Feldman* where plaintiff asked the federal "to afford him the same individual remedy he was denied in state court.").

To adjudicate Mr. Edwardson's claims and provide him with the relief he seeks, the Court would necessarily have to "undercut the state ruling" or "to interpret the application of state laws or procedural rules." *Id.*, 334 F.3d at 898. Therefore, the Court concludes that it lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. Pursuant to Federal Rule of Civil Procedure 12(b)(1), Mr. Edwardson's complaint is DISMISSED without prejudice.

### III. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (Dkt. Nos. 6, 8, 16) are GRANTED. Plaintiff's complaint is DISMISSED without prejudice.

DATED this 5th day of August 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE